It's only logical, too, that 16-00920, the people of the state of Columbus, will give faculty the Marcio Guerrero defendant, Ellis. Arguing on behalf of the defendant's family, Mr. Dave T. Harris. Arguing on behalf of the defendant's faculty, Ms. Victoria E. Joseph. Mr. Harris. Did you have a difficult drive this morning, sir? Oh, it was fine. We'll see on the way back now that the snow has started to come down. May it please the Court, I am Assistant Appellant Defendant David Harris on behalf of the appellant, Marcio Guerrero. Mr. Guerrero was convicted of three counts of predatory criminal sexual assault, and given consecutive 25-year sentences on each count. However, one of these counts was not sufficiently proven at trial. A count based on the intrusion of his finger into the complainant's vagina. Appellate counsel is unreasonable in failing to challenge the sufficiency of the evidence on this count on direct appeal. And as this Court did in People v. Henson, it should grant relief and reverse his conviction and vacate the corresponding sentence in this post-conviction appeal. The victim's only testimony detailing how Mr. Guerrero touched her vagina was in response to a question, where on your vagina did he touch you? And she said, by the crack. This testimony is insufficient as seen in the Supreme Court case, People v. Maggett, where the testimony that the defendant had touched the victim, quote, in my vagina area was insufficient. It's insufficient as seen in this Court's decision in People v. Lofton and in the Fifth District in Garrett, which both held that testimony touching on genitals is insufficient to prove an intrusion. Does her display as described by the Assistant State's Attorney help the situation any, or is it sort of a neutral in this case? I think it's neutral. It doesn't. The State's Attorney described what she, a gesture she made with her hands or a description with her hands. For the record, that description does not detail an intrusion. It comports with her testimony of touching, as she said, by the crack. He describes touching near the crevice of fingers, in between fingers, but it doesn't prove an intrusion. Certainly, the prosecutor would be aware of the need to prove an intrusion if the gesture did demonstrate an actual intrusion  So I don't think that the gesture lends any convincing weight one way or the other. The question is, the question is the question here. At least it comes down to sort of this sphere of what was the question asking where she said no or what was it getting at? Was it getting at what she said to someone else or is it getting at the defendant's conduct? Right, and this gets at the negations in her testimony, which came later where she was asked if she had previously told an investigator that the defendant had put his finger inside her vagina and her answer was no. That was another night when he tried to penetrate with his penis but she screamed and he stopped. You're right, this was a statement out of court to the investigator but it came in at trial and it was a negation to a more specific question. But even the positive evidence, her description of the touching was insufficient. If you were inclined to draw some inference as the state has suggested from that, that inference would be undermined by this negation to a more specific question. And that's actually not the only negation in the record. There's another one and this isn't in the briefs but there was another question on direct examination. The prosecutor asked her whether there was any other sexual activity other than and she said, I don't think so. I know the reference, because I was going to ask about that. Did he do anything else of a sexual nature with you other than sucking, having him suck his penis against your butthole and she said, I don't think so. Yeah, so there's another negation and those two questions about oral sex and the contact between the penis and the anus go through the other two counts. Counts one and three. We have to read her questions and answers in their entirety to determine whether or not there was sufficient evidence. Of course, of course. And there was testimony jumping from place to place but this is another instance of another negation where the prosecutor in essence asked other than counts one and three was there any other sexual activity and she said, I don't think so. However, she did also testify that the defendant had touched her vagina and the crack more than ten times. Correct. There is no question that the defendant was and did fondle her vagina multiple times, correct? Correct. Why shouldn't we just reduce that count to aggravated criminal sexual abuse and send it back for resentencing? I don't think that would be appropriate because I don't think it would necessarily be a lesser under this charging instrument because there are several different elements in that offense. The definition of that offense relies on sexual conduct which requires an additional element for the purpose of sexual gratification. The Supreme Court said in Canterbury that can be inferred from the entirety of the complaint and here there's no question that was the intent. It can be inferred, correct? Well, even if you can infer that intent there are further elements to criminal sexual abuse that has to be either the force or the threat of force which can't be inferred from this indictment or a new mental state that isn't in the indictment and isn't in predatory criminal sexual assault. The defendant has to know that the victim is unable to understand the acts or unable to consent and even if the facts show that I don't think that is set out in the outline of predatory criminal sexual assault. She's certainly not able to consent because of her age, correct? I believe as a matter of law she's not, but my question is the defendant's mental state whether he knows this. Can't we infer that? He knows that she's going to school well, he's trying to get her to go to school that's one of the allegations. He knows the grade she's in doesn't he understand how old she is? I'm sure he understands her age but he needs to have the knowledge he has to have the mental state knowing that she's unable to consent so that would need proof that he knows that she is by law unable to consent or knows she doesn't understand these acts and that's not set out in the appropriate charging instrument. So we have this positive evidence that's insufficient you have two negations two negations. This court in the first post-conviction appeal found that the negation about her statement to the investigator, no that was another night when he tried to penetrate with his penis, was like the negation in Bell which led to a reversal of that count in Bell. This other negation that wasn't in the briefs about I don't think so when asked if there's anything else besides count 1 and 2 so we have two negations more than in Bell and no positive evidence of an intrusion there's evidence of contact and that's defined as a separate act by the legislature, the courts have to have to validate the legislature's choice to define contact and penetration separately and can't infer from testimony a contact that something else must have occurred so the belief we're asking for in this case is not remand for an evidentiary hearing but as this court did in Pupil v. Henson reversed the conviction and the sentence that was a very similar case that was a post-conviction petition where the defendant argued appellate counsel was ineffective for failing to challenge the sufficiency of the evidence on direct appeal regarding one of several counts of sexual assault and it was summarily dismissed at the first stage, this court granted relief outright on that appeal the basis for that relief has been validated by the Supreme Court in Jimerson, that was also a first stage post-conviction appeal where the Supreme Court granted a new trial based on the use of perjury testimony without remanding for further post-conviction stages is it your position that we could reduce the charge or that in other words that it's within our discretion our ability to vacate or reduce I appreciate that you're saying we should pick option A over option B but do you agree that we have the discretion yes, yes I do this court granted this technical relief on post-conviction appeal in Gulley as well, the state raised a couple cases in their brief saying that no you have to follow the PC Act and go back to whatever the next stage is those cases they relied on are no longer good law there was Hyman P was a premised on the notion that a court's act in violation of the statute is void and therefore they had to follow the PC Act that's no longer the law after People v. Castleberry and the other case was People v. Russell which was a post-conviction claim following a guilty plea with a defendant it was a Whitfield claim, the defendant said he wasn't informed of MSR and he asked for MSR to be stricken and this was before Whitfield the appellate court said that they can't strike MSR, the only relief is to withdraw the plea and the defendant hadn't asked for that, they sent it back down that also is no longer the law because Whitfield came along and fashioned a sentencing remedy and did so in the second stage PC appeal without remand for an evidentiary hearing so I think the correct course of action is to grant the relief instead of taking up additional judicial resources, sending this back down to the trial court where it might come back up again and this court will have to take the time again if it's inclined to reach the same conclusion as the first time, this time it might then have to just take the time to reach the exact same conclusion again so because there was insufficient evidence, any possible evidence from which you can make an inference was negated by two negative answers, I'd ask this court to reverse the conviction and vacate the corresponding sentence. Well I'm going to anticipate one of the state's arguments, and it's not really any great light because they've done it in the brief they said we were wrong in the second one in what we'll call Guerrero 2 do you want to respond to that now or do you want to wait until you have an opportunity to reply? Well I mean that they were wrong to find that there was a gist of the claim, I mean I think my response is what I've said here today and in the brief so I think that was the correct choice, I think that your discussion of comparing the negation to the negation in Bell did not hinge at all on the gist standard the conclusion was that there was a gist and it sent it back for the second stage, but the discussion of the facts the discussion of the negation in comparison to Bell, as your honor wrote was that this was a negation like in Bell without any reliance on that low threshold, and I don't think that we're at a new stage changes anything and I think that was a correct decision and it would apply at this stage and any possible future stages. It's a law of the case right now, correct? It would be, I mean we're on it, now that it's an appeal from the second stage, the burden is a little different, but the analysis I don't think changes and then as reserved, any other rebuttals I have after this debate? Thank you Thank you Ms. Joseph Good morning, your honor Good morning May it please the court I will take the mea culpa in my original brief on the first stage post-conviction petition and describing the answer in the cross-examination to being like Bell. That was my response that that was like Bell does not negate the fact that the record is what the record is I did not look at the question carefully in my analysis and that is completely on me, but that does not change what the question was Well, do you think the question that we're all talking about here is requesting what did you say to the investigator? What was the conduct at issue? What was, when was the time it happened? What's the question about? The problem, your honor is we have multiple inferences that can be drawn from that question It is not like the cases we have that have found one way or the other insufficient evidence or sufficient evidence because it was not a direct question. Did he it wasn't the explicit negation of did he touch you inside? No. It also wasn't an implicit did he rub or touch you inside? He rubbed. Here we have a question couch isn't it true that you said this? Now there was Alright, maybe she didn't answer the question She didn't And so don't we have to look at her answer more than the question We have to look at both, your honor. We have to look at both because Aside from that question Because she couched it of this happened another night, it wasn't this night There are multiple interpretations from it. It isn't the implicit or explicit negation that we had in Bell or Loftin Yes, your honor. Did the assistant state attorney, the prosecutor in the case, have the opportunity to clarify? Everyone had the opportunity to clarify, your honor. And later in her testimony the record is 609 and 610, a question I just alluded to with counsel She said when asked did he do anything else? Did he do anything else of a sexual nature with you other than etc? And she said I don't think so That also did come She also in her testimony used the term, the question was how many times did he touch your vagina and she said more than 10 times So don't we look at all? We do have to look at all. We do have to look at all because the question about the specific did he do anything else was about four questions after his hand coming in contact with your vagina and crack, how many times did that happen? So he had just asked her specifically about that touching as well which she said same as he touched me happened like 10 So this the answer on 610 that he's then asking about two other additional contacts after he's just asked about a third it's not again the implicit negation But never in there does she affirmatively say it was penetration? She never says that not once? No But we can't infer penetration unless she denies it occurred and the people maintain that neither none of her answers were either an explicit or implicit denial therefore the jury was left to be able to infer the penetration As far as the relief here let me ask one more question before we get to the relief Now we have these in your mind not implicit denials not denials period and yet we have an argument by counsel in closing where it is conceivable and it could be inferred that he misstated or misstated the evidence How do we deal with that with reference to what she said or didn't say He actually talks about the prosecutor I'm not sure it's a man or a woman I apologize No that's ok I wasn't sure if you were talking about a defense attorney We have in closing argument the prosecutor talks about an intrusion as opposed to touching and talks about contact however slight We've got that folks I mean that's that's not exactly what she said and that's not exactly what he described for the record when he asked the court to take note of the fingers and the crack and there was never a an opening of that crack even in his explanation to the court He said in between the fingers Yes in between and unfortunately we don't know whether in between was in between or in between because that was not spelled out well for the record When we talk about this ambiguity do we have to look at the rule of lenity The state didn't prove the allegations that's not even the rule of lenity but you take then the allegations and the proofs in their best light did they prove it The people maintain they did because they could reasonably infer from her testimony and because there is not as cut and dry as the defendant argues that this is not appropriate for the immediate dismissal of the count I will say this, the people did not brief this on a lesser included offense, the people also looked and found no authority in which the people could argue for a lesser included offense in a second stage denial on an ineffective assistance of counsel argument If the court I don't know the authority I do know the authority you can do that is 615B3 Obviously the people if you find that this was insufficient and move forward we would obviously be asking for this if you would like supplemental briefing on it we would be happy to do it As far as the appropriateness of us raising it I found no authority for the people to raise such an argument In Canterbury It wasn't asked for at this level but when it went to the PLA I'm assuming someone in your office, I don't know who it was asked that that be considered and Canterbury came out with some broader language that might allow us to do that It would require a resentencing  we can do the charge but in most cases it occurs at the trial court level where there is at least this level where there can be some challenge to it If it had been raised in a direct appeal we would have then challenged the lesser included offense That's essentially the posture that we're at is appellate counsel failed to raise it and it kind of domino effects of what could then be responded to Well counsel's position as I just heard it was if you use a charging instrument approach it just can't be done in this case Do you want to venture a guess? I'm not going to venture a guess your honor If you would like some supplemental briefing on that If this is the position that the court is going to take we would be happy to prepare that but we would definitely be seeking a lesser included offense if that is the direction But as far as whether this is an appropriate case for such relief at this time the cases cited by the defendant including Hinson are all where there's no dispute of the facts and in Hinson specifically the people conceded that the evidence wasn't sufficient Obviously the people are not conceding in this case and we maintain that where the evidence is still capable of raising multiple inferences that was a determination for the trier of fact which would then not be appropriate for a second stage dismissal where the judge was not supposed to be making findings of credibility and determinations of fact in finding a substantial showing Are there any other questions? Thank you. Thank you, Your Honor. Mr. Harris? Briefly, Your Honor, with regard to that last point I don't think whether there's a concession by the state or a dispute affects the relief awarded You don't get to the relief until there's a finding that the evidence was insufficient It doesn't matter how you get to that point whether it was a concession by the state or a finding by this court despite the state's argument I don't believe there was a concession in the other cases I discussed granting relief on the P.C. appeal Jemison, Gulley, People v. Whitfield, a couple other cases in the briefs about proportionate families violations And now I may have misunderstood what counsel was saying about conceding that they wrote in the brief on the first appeal, I think is what she said that the complainant's negation about talking to an investigator appears to resolve ambiguity in favor of the proposition that no intrusion occurred They wrote the exact same thing in this brief So that's been presented by the state twice that the victim's statement appears to negate any inference that an intrusion occurred That was on page 23 of the brief in this appeal Well, that's that is something that's kind of interesting If you look at the briefs, they're pretty close on both sides And so if we go to a third stage I can't believe they're going to be remarkably different I don't think much new can be discovered at this point It's been crumbled over on two different appeals and proceedings below with counsel at the second stage of the post-conviction proceedings It's just not our judicial economy, it's the economy of both offices and the system, the administration of justice And I point out, as you already said, not only was there no direct testimony from the complainant about an intrusion, she wasn't even asked The questions by the prosecutor were where did he touch you on your vagina and about how many times did his hand come into contact On and contact go to the separate definition of sexual conduct, so she wasn't even asked let alone did she provide any positive testimony So again, we'd ask to reverse this conviction, vacate the 25-year sentence leaving in place those two other convictions and a total 50-year sentence And no further questions Thank you And say the trick back to everyone I noticed it was snowing rather significantly up there Alright, we will take the matter under advisement, thank you very much for your argument this morning and we will now stand adjourned for the day